JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Eric Robinson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated murder pursuant to R.C. 2903.01(B) and aggravated robbery pursuant to R.C.2911.01(A)(3). He was convicted of the offenses after a jury trial.
Robinson performed odd jobs for Harry Brown, who was eighty-five years old. One morning, neighbors saw Robinson enter Brown's house and leave a short time later. That evening, Brown's relatives found his brutally beaten body in the basement of the house. Brown's wallet and a ring were missing from the residence.
Robinson admitted to assaulting Brown but maintained that he could not remember many details of the offenses because he had been intoxicated.
Robinson was indicted for aggravated murder with a death-penalty specification and for aggravated robbery. The jury found him guilty of both offenses but recommended that he receive life imprisonment rather than the death penalty for the aggravated murder. The trial court sentenced Robinson to life imprisonment without parole eligibility for aggravated murder and to a consecutive ten-year term for aggravated robbery.
In his first assignment of error, Robinson now argues that he should have been convicted of involuntary manslaughter rather than aggravated murder. Specifically, he argues that the state failed to prove that he had purposely caused the death of the victim, as required for an aggravated-murder conviction.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
R.C. 2903.01(B), the aggravated-murder statute, provides that "[n]o person shall purposely cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing * * * aggravated robbery * * *." R.C. 2903.04(A), the statute governing involuntary manslaughter, states that "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony."
In the case at bar, the state presented ample evidence that Robinson had purposely killed Brown. The medical examiner testified that Brown had suffered twenty rib fractures and had sustained numerous injuries consistent with being stomped. He further testified that the cause of death was a blow or series of blows that had caused Brown's head to separate from his spinal column. Given the ferocity of the attack and the number of blows inflicted on Brown's body, the jury could have reasonably inferred that Robinson had purposely caused the death.
And while Robinson suggests that his level of intoxication was such that he could not have formed the specific intent to kill, that contention was refuted by a number of witnesses who testified that Robinson did not appear to have lost his mental faculties immediately before or after the offenses. The first assignment of error is overruled.
In his second and final assignment of error, Robinson maintains that the jury was not impartial because it had been "qualified" to impose the death penalty during voir dire. Both the United States Supreme Court and the Supreme Court of Ohio have rejected the argument that a "death qualified" jury cannot render an impartial verdict.[2] The second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] See Lockhart v. McCree (1986), 476 U.S. 162, 106 S.Ct. 1758; Statev. Vrabel, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, at ¶ 63.